IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ILLINOIS STATE PAINTERS WELFARE FUND, PAINTERS DISTRICT COUNCIL NO. 58 FRINGE BENEFIT FUNDS, PAINTERS DISTRICT COUNCIL NO. 58 401(k) TRUST FUND, and INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND,<br><br>     Plaintiffs,<br><br>vs.<br><br>RINTOUL PAINTING, INC. and GINA R. RINTOUL, Individually,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 12-cv-78-JPG-DGW<br>)<br>)<br>)<br>)<br>) |

**<u>MEMORANDUM AND ORDER</u>**

THIS CAUSE comes before the Court on Plaintiff's Motion for Default Judgment (Doc. 21) against the defendant Rintoul Painting, Inc. The plaintiffs bring this suit under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*, and the Labor Management Relations Act, 29 U.S.C. § 141 *et seq.*, against defendants Rintoul Painting, Inc. and Gina R. Rintoul. The plaintiffs claim that the defendants have failed to submit accurate reports and make contributions to the plaintiffs as required by a collective bargaining agreement that binds the defendants. They seek to hold each defendant liable for the same delinquency in contributions.

Rintoul Painting Inc. was served with process on February 8, 2012, but has not pled or otherwise defended this action. Accordingly, the Clerk of Court entered default against Rintoul Painting Inc. on April 18, 2012 (Doc. 18). Gina Rintoul waived service of process on or around January 27, 2012. She subsequently filed a petition for bankruptcy, and this action has been stayed

as to her.

The plaintiffs now ask for default judgment against Rintoul Painting, Inc. Because the claims against Gina Rintoul are still pending, any judgment entered by the Court against Rintoul Painting, Inc. at this time must be pursuant to Federal Rule of Civil Procedure 54(b), which permits the Court to certify for appeal a judgment resolving all claims against one party. *See General Ins. Co. of Am. v. Clark Mall Corp.*, 644 F.3d 375, 379 (7th Cir. 2011); *National Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil,* 784 F.2d 817, 821 (7th Cir. 1986). Rule 54(b) states:

> **Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In determining whether to grant judgment under Rule 54(b) the Court must first determine whether the judgment is final in the sense that it is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)); *accord General Ins. Co.*, 644 F.3d at 379. Then, the Court must determine whether there is any just reason for delay, taking into account the interests of judicial administration and the equities involved. *Curtiss-Wright*, 446 U.S. at 8; *General Ins. Co.*, 644 F.3d at 379; *Schieffelin & Co. v. Valley Liquors, Inc.*, 823 F.2d 1064, 1065-66 (7th Cir. 1987). In attempting to prevent piecemeal litigation, the Court should "consider such factors as whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims

already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8; *see ODC Commc'ns. Corp. v. Wenruth Invs.*, 826 F.2d 509, 512 (7th Cir. 1987).

The decision to certify a final judgment as to fewer than all claims in a case is left to the sound discretion of the district court. *Curtiss-Wright*, 446 U.S. at 8; *Schieffelin*, 823 F.2d at 1065. However, district courts are not to utilize Rule 54(b) unless there is a good reason for doing so. *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990). Ordinarily, a default judgment should not be entered against one defendant until the matter has been resolved as to all defendants. *Home Ins. Co. of Ill. v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998) (citing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872)). Where claims are substantively intertwined – such as, for example, where the pending claims factually overlap with those for which a Rule 54(b) judgment is sought – a Rule 54(b) judgment is inappropriate. *See General Ins. Co.*, 644 F.3d at 380 (citing *Horn v. Transcon Lines, Inc.,* 898 F.2d 589, 593–95 (7th Cir. 1990)).

The Court finds that the plaintiffs have not provided any good reason why the Court should issue multiple judgments in this case. It appears at first blush that all claims against Rintoul Painting, Inc. have technically been resolved and a default judgment against it would be an ultimate disposition of all claims against it. However, a closer examination of the complaint reveals that the claims against Rintoul Painting, Inc. are inextricably intertwined with those against Gina Rintoul. They are both alleged collectively to be liable for exactly the same things based on the same facts. The claims against Rintoul Painting, Inc. and Gina Rintoul are clearly not separable from each other. Thus, a Rule 54(b) judgment entered against Rintoul Painting, Inc. would not be "an ultimate disposition" of the plaintiffs' claims.

Furthermore, allowing the intertwined claims to proceed separately at the trial court level

3

would not be wise administration of judicial resources.  In addition, allowing the claims against Rintoul Painting, Inc. to reach judgment under Rule 54(b) would not narrow the focus of the remainder of the case.  Finally, the plaintiffs have not presented any equitable reason to issue a Rule 54(b) judgment.

For the foregoing reasons and pursuant to the Seventh Circuit Court of Appeals' express preference not to enter default judgment prior to resolution of claims against all defendants, the Court declines to certify the termination of the claims against Rintoul Painting, Inc. under Rule 54(b) and accordingly **DENIES without prejudice** the Motion for Default Judgment (Doc. 21). The plaintiffs may reapply for default judgment when all claims against Gina Rintoul have been resolved.  The Court further reminds the plaintiffs that their requests for sums in a motion for default judgment must be supported by *admissible* evidence of the amounts due.

**IT IS SO ORDERED.**
**DATED:   May 21, 2012.**

s/J. Phil Gilbert
**United States District Judge**